STERLINGTON, PLLC **S**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/2022
```

February 10, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 15D
New York, New York 10007-1312

      Re:    *Nosirrah Management, LLC v. EVmo Inc. et al.*, No. 21-cv-10529
            (S.D.N.Y. filed December 9, 2021)
            Letter Motion for Extension of Deadline to Submit Joint Letter and
            Jointly Proposed Case Management Plan and Scheduling Order

Dear Judge Torres:

      We represent Plaintiff Nosirrah Management, LLC in the above-referenced matter. We write, pursuant to the Initial Pretrial Scheduling Order (Dkt. 3) and in accordance with Rules I.C and II.B of the Court's Individual Practices, to respectfully ask the Court to modify the deadline to submit the parties' joint letter and jointly proposed Case Management Plan and Scheduling Order from February 14, 2022 to April 15, 2022 so that Plaintiff can effectuate service on all the parties to this case.

      Plaintiff filed its complaint in this action on December 9, 2021. (Dkt. 1) On December 16, Plaintiff's counsel emailed Messrs. Foley and Barker of Withers LLP who, at that time, were counsel for Defendants EVmo, Inc. ("EVmo"), Mr. El-Batrawi, and X, LLC (a company wholly-owned and controlled by Mr. El-Batrawi), asking if their clients were willing to execute waivers of service. *See* Exhibit 1.

      Having received no response, Plaintiff's counsel emailed Withers again on December 28. *See* Exhibit 2. On January 2, 2022, Mr. Nealon of Withers responded by attaching a waiver of service executed by EVmo, which was duly filed (Dkt. 7), and stating that he would "catch up" with Mr. El-Batrawi and "presume[d]" that Mr. El-Batrawi would execute a waiver of service. *See* Exhibit 3.

      During the week of January 10, Plaintiff's counsel called Mr. Nealon to ask whether Mr. El-Batrawi would execute a waiver of service. Mr. Nealon said that he would find out and revert with an answer.

      Plaintiff's counsel emailed Mr. Nealon again on January 20 "to follow up on Mr. El-Batrawi's waiver of service" and asked whether Mr. Nealon knew who was representing Mr. El-

Batrawi in the event that Mr. Nealon was no longer serving as his counsel. *See* Exhibit 4. On January 24, Mr. Nealon responded that he would "try to close the loop with [Mr. El-Batrawi] and see if we can get this waiver piece . . . tied up." *See* Exhibit 5.

After exchanging several more emails and phone calls to no avail, on January 30, Plaintiff's counsel informed Mr. Nealon that "[i]f we do not receive an executed waiver from Mr. El-Batrawi by Wednesday [February 2] at 5:00 p.m., we will effectuate service on him directly and seek to recover costs." *See* Exhibit 6. As of the filing of this letter, Plaintiff's counsel has not received any additional information as to whether Mr. El-Batrawi will execute a waiver of service. *See* Exhibit 7.

Plaintiff respectfully asks the Court to grant its request for an adjournment in order to serve Mr. El-Batrawi with the Complaint and reserves its right to seek costs. There have been no previous requests for an extension of this deadline. Defendant EVmo consents to this request.

Respectfully submitted,

/s/ Jennifer M. Driscoll

Jennifer M. Driscoll  
*Counsel for Plaintiff*

GRANTED. By **April 15, 2022**, the parties shall file their joint letter and proposed case management plan.

SO ORDERED.

Dated: February 15, 2022  
    New York, New York

ANALISA TORRES  
United States District Judge