UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOSIRRAH MANAGEMENT, LLC,

                              Plaintiff,

              -against-

EVMO, INC. f/k/a Yay Yo, Inc. and Rideshare
Rental. Inc.

                              Nominal Defendant,

              -and-

RAMY EL-BATRAWI, and X, LLC,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/4/2023
```

21 Civ. 10529 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 9, 2021, Plaintiff, Nosirrah Management, LLC ("Nosirrah"), a shareholder of Nominal Defendant, EVmo, Inc. ("EVmo"), filed a complaint against Defendants Ramy El-Batrawi and X, LLC "in the right and for the benefit of EVmo" to recover short-swing profits under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Compl. ¶¶ 1, 4–5, ECF No. 16; *see also* ECF No. 1. On June 8, 2022, Defendants filed a motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). ECF No. 28. On June 22, 2022, EVmo filed a motion for joinder to Defendants' motion to transfer. Joinder, ECF No. 31. Nosirrah opposes the motion to transfer. Pl. Opp., ECF No. 34.

For the reasons stated below, EVmo's motion for joinder is GRANTED, and Defendants' motion to transfer is GRANTED.

## BACKGROUND

El-Batrawi served as a director and CEO of EVmo from February 2020 to February 26, 2021. Compl. ¶ 6; Answer ¶ 6, ECF No. 24. On January 8, 2021, El-Batrawi purchased

5,000,000 shares of EVmo common stock (the "January 8th Purchase") from an entity named

Gray Mars Venus Trust Arizona 2015.  Compl. ¶ 9; Answer ¶ 9; Gregory Decl. ¶ 3, ECF No. 30.

The public trading price for EVmo common stock on that date was between $0.56 and $0.82.

Compl. ¶ 14.  The purchased shares had previously been sold at $3 per share "in consideration of

a promissory note, pursuant to a stock purchase agreement entered into in September 2019, prior

to [EVmo's] initial public offering in November 2019."  *Id.* ¶¶ 10–13; *see also* Answer ¶¶ 10–11,

13.  The parties to the September 2019 sale agreed to cancel the promissory note and return the

shares.  Compl. ¶ 10; Answer ¶ 10.  Nosirrah alleges that the value of the shares involved in the

January 8th Purchase was diminished when the promissory note was cancelled without an

explanation of why the full principal value of the promissory note plus interest was not repaid.

Compl. ¶ 15.

In the six months following the January 8th Purchase, El-Batrawi sold at least 6,344,000

shares of EVmo common stock.  *Id.* ¶ 16; Answer ¶ 16.  Specifically, on February 26, 2021, El-

Batrawi sold 6,000,000 shares to Acuitas Group Holdings, LLC on the condition of El-Batrawi's

resignation from his position as director and CEO of EVmo (the "February 26th Sale").  Compl.

¶ 18; Answer ¶ 18.

Nosirrah claims that the January 8th Purchase and subsequent sales within six months of

January 8, 2021, earned El-Batrawi short-swing profits between $260,987 and $1,665,425 that

must be disgorged under § 16(b).  Compl. ¶¶ 20, 25, 29.  Nosirrah alleges that EVmo is not

pursuing recovery of short-swing profits from El-Batrawi based on the January 8th Purchase

because EVmo concluded that those shares were "acquired in good faith in connection with a

debt previously contracted."  *Id.* ¶ 21.  Nosirrah contends that the January 8th Purchase was not a

good faith acquisition because, at the time of the purchase, El-Batrawi was aware that he would

have to dispose of those shares, as he intended to step down from all management roles, sever

ties with EVmo, and divest all his holdings in EVmo. *Id.* ¶¶ 22–23. Nosirrah also claims that

El-Batrawi's retention of shares after February 26, 2021, is inconsistent with EVmo's

explanation of good faith. *Id.* ¶¶ 19, 24.

## DISCUSSION

I. <u>Motion for Joinder</u>

    A. Legal Standard

Federal courts generally grant a party's motion to join in another party's motion if the

joining party is "in the same substantive position" as the moving party such that the court's

ruling on the moving party's motion applies equally to the joining party. *Robinson v. Vivendi*

*Universal*, No. 04 Civ. 9722, 2005 WL 5748318, at *7 (C.D. Cal. Nov. 22, 2005); *see also*

*United States v. Ledbetter*, Nos. 15 Cr. 080, 14 Cr. 127, 2015 WL 5954587, at *2 (S.D. Ohio

Oct. 14, 2015). If it is not clear to the court that the parties are in the same substantive position,

then the joining party should make clear to the court "which parts of the motion apply to the

joining party, the joining party's basis for standing, and the factual similarities between the

joining party and moving party that give rise to a similar claim or defense." *Tatung Co., Ltd. v.*

*Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151 (C.D. Cal. 2016); *see also United States v. Svihel*, No.

15 Cr. 190, 2016 WL 1212364, at *6 (D. Minn. Feb. 25, 2016).

    B. Analysis

Defendants and EVmo are similarly situated for the purposes of the motion to transfer.

Nosirrah alleges that Defendants made purchases and sales of EVmo common stock that resulted

in short-swing profits that must be disgorged. Compl. ¶¶ 20, 25, 29; Def. Mem. at 1–2, ECF No.

29. EVmo is involved in this action solely because the shares involved in the transactions that

produced short-swing profits are of EVmo common stock.  Compl. ¶ 5.  Defendants and EVmo are residents of California.[1]  *Id.* ¶¶ 5–7.  EVmo agrees with Defendants' contention that the "convenience of witnesses . . . weights [sic] in favor of a transfer" because EVmo's documents and "present and former employees with potentially relevant knowledge are principally located in California," so "it will be easier and less expensive for . . . witnesses to testify in California rather than in New York."  Joinder at 1 (citing Def. Mem. at 6–7).  Therefore, the Court's ruling on Defendants' motion to transfer applies equally to EVmo, and requiring EVmo to file a separate motion would be redundant.  *See Tatung Co., Ltd.*, 217 F. Supp. 3d at 1151; *Robinson*, 2005 WL 5748318, at *7.  Accordingly, EVmo's motion for joinder is GRANTED.

II.  <u>Motion to Transfer</u>

   A.  Legal Standard

   Under 28 U.S.C. § 1404(a), a court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought."  In deciding a motion to transfer, the court must determine: (1) whether the action could have been brought in the venue suggested by the movant, and (2) "whether the balance of convenience and justice favors transfer."  *Certain Underwriters at Lloyd's, London v. Clean Pro Carpet & Upholstery Care, Inc.*, No. 21 Civ. 5591, 2021 WL 5234494, at *1–2 (S.D.N.Y. Nov. 9, 2021) (citing *Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *2 (S.D.N.Y. Feb. 21, 2006)).

   An action could have been brought in any forum where the defendant would have been amenable to personal jurisdiction at the time the action was commenced, and where venue is

---

[1] X, LLC is a Delaware limited liability company wholly owned by El-Batrawi.  Compl. ¶ 7.  The citizenship of a limited liability is determined by the citizenship of each of its members.  *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).  Therefore, X, LLC is a citizen of California.

proper. *Id.* at *1 (citing *Williams*, 2006 WL 399456, at *2).  In determining whether
convenience and justice favor transfer, courts consider: "(1) the plaintiff's choice of forum; (2)
the convenience of witnesses; (3) the location of relevant documents and relative ease of access
to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the
availability of process to compel the attendance of unwilling witnesses; and (7) the relative
means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112
(2d Cir. 2010).  Courts also frequently consider: "(8) the forum's familiarity with the governing
law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances."
*Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879, 2021 WL 1687378, at *2 (S.D.N.Y. Apr. 29,
2021) (quotation marks omitted), *aff'd*, No. 20 Civ. 6879, 2021 WL 2269552 (S.D.N.Y. June 3,
2021).

  First, although a plaintiff's choice of forum is generally entitled to "significant weight,"
*Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004), the plaintiff's
choice receives less deference when the chosen forum is not the plaintiff's home district, *id.*, and
when there is no "material connection" between the chosen forum and the events underlying the
claim, *NBA Props., Inc. v. Salvino, Inc.*, No. 99 Civ. 11799, 2000 WL 323257, at *9 (S.D.N.Y.
Mar. 27, 2000) (citations omitted).  The plaintiff's choice of forum also receives less deference
in a derivative action because the plaintiff is only one of many potential plaintiffs with equal
show of right, and the real party in interest is the issuer of securities on whose behalf the plaintiff
brings suit.  *Strauss v. W. Highland Cap., Inc.*, No. 00 Civ. 1184, 2000 WL 1505957, at *2
(S.D.N.Y. Oct. 6, 2000) (citing *Koster v. Lumbermens Mut. Cas. Co.*, 323 U.S. 518, 524 (1947));
*see also Klein ex rel. Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018).

Second, courts typically regard the convenience of witnesses as the most important factor. *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 577 (S.D.N.Y. 2015) (citation omitted). A court must qualitatively evaluate the materiality of the testimony that witnesses may provide in determining whether the convenience of witnesses weighs in favor of transfer. *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 291 (citations omitted). The movant must submit a list of likely witnesses who would be inconvenienced by continued litigation in the present forum and a general statement of each witness's testimony. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 550 (S.D.N.Y. 2008). Courts should evaluate whether the witnesses listed by the movant are necessary to the litigation. *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 286–87 (quoting *NBA Props., Inc.*, 2000 WL 323257, at *7). The convenience of non-party witnesses generally carries more weight than the convenience of party witnesses. *Transatl. Reins. Co. v. Cont'l Ins. Co.*, No. 03 Civ. 3227, 2003 WL 22743829, at *4 (S.D.N.Y. Nov. 20, 2003).

Third, the location of relevant evidence is accorded minimal weight, absent a showing by the movant of a particular burden, given that modern technology permits the transfer of documents with relative ease. *Winter v. Am. Inst. Med. Sci & Educ.*, 242 F. Supp. 3d 206, 217 (S.D.N.Y. 2017); *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 289.

Fourth, the convenience of the parties weighs in favor of transfer when transfer would increase convenience to the movant without increasing the inconvenience to the non-movant. *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014).

Fifth, the locus of operative facts for a claim under § 16(b) is the location in which "facts peculiar to the transactions involved" occurred, *Blau v. Lamb*, 191 F. Supp. 906, 906 (S.D.N.Y. 1961), such as the location where the stock at issue was purchased or where pertinent investment decisions were made, *Strauss*, 2000 WL 1505957, at *1.

6

Sixth, the availability of process to compel the attendance of unwilling witnesses is determined according to Rule 45 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 45(c)(3)(A)(ii); *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 290.  But, if the parties have not represented that any witness not residing in the transferor or transferee state would be unwilling to testify, then this factor is neutral.  *Flood*, 94 F. Supp. 3d at 580; *Transatl. Reins. Co.*, 2003 WL 22743829, at *5.

Seventh, the relative means of the parties "support[s] or discourage[s] transfer of venue if there is a significant financial disparity between the parties."  *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 290.

Eighth, the transferee forum's familiarity with the governing law does not factor into the court's analysis when the action is based on federal claims.  *See Certain Underwriters at Lloyd's, London*, 2021 WL 5234494, at *3; *Intria Corp. v. Intira Corp.*, No. 00 Civ. 7198, 2000 WL 1745043, at *7 (S.D.N.Y. Nov. 27, 2000).

Ninth, trial efficiency and the interests of justice weigh against transfer if transfer would substantially inconvenience the plaintiff, impair the plaintiff's ability to prosecute the action, or prejudice the plaintiff in some way.  *Strauss*, 2000 WL 1505957, at *3.  This factor weighs in favor of transfer if transfer would aid the movant without disadvantaging the non-movant.  *Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999).  In a derivative action, this factor generally does not weigh against transfer because the plaintiff is typically unconnected to the underlying facts of the case and need not testify or be deposed.  *Strauss*, 2000 WL 1505957, at *3.  Additionally, when an action is still "in its infancy," and has not proceeded past a dispositive motion, no efficiency will be lost in

transferring the action to another district. *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87, 2021 WL 2688722, at \*8 (S.D.N.Y. June 30, 2021).

The moving party must establish the propriety of transfer by a clear and convincing showing. *Bryant v. Potbelly Sandwich Works, LLC*, No. 17 Civ. 7638, 2018 WL 898230, at \*1 (S.D.N.Y. Feb. 5, 2018). The court has "broad discretion" in deciding motions for transfer. *Flood*, 94 F. Supp. 3d at 575.

    B.   Analysis

        1.   Action Could Have Been Brought in the Central District of California

It is undisputed that, at the time of filing, this action might have been brought in the Central District of California. Pl. Opp. at 2. The Central District of California would have had subject matter jurisdiction under 15 U.S.C. § 78aa(a). The Central District of California would also have had personal jurisdiction over EVmo and Defendants because they are citizens of California: Evmo has its principal place of business in California, Compl. ¶ 5, El-Batrawi is a resident of California, *id.* ¶ 6, and X, LLC is a limited liability company wholly owned by El-Batrawi, *id.* ¶ 7. Venue would have been proper in the Central District of California because both Defendants and EVmo reside in the Central District of California. 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 84(c)(2); Compl. ¶ 6. Therefore, the first requirement to support a motion for transfer is satisfied. *Certain Underwriters at Lloyd's, London*, 2021 WL 5234494, at \*1–2 (citing *Williams*, 2006 WL 399456, at \*2).

        2.   Balance of Convenience and Justice Favors Transfer

The balance of convenience and justice favors transfer. First, Nosirrah's choice of forum is entitled to minimal weight because Nosirrah did not bring suit in its home district, this is a derivative action, and there is no material connection between the current forum and the events

underlying the claim.  Nosirrah is a Delaware limited liability company, Compl. ¶ 4, and has a

registered agent in Delaware.[2]  This action is brought "in the right and for the benefit of EVmo,"

*id.* ¶ 5, and EVmo has joined Defendants' motion for transfer, Joinder at 1.  And, the January 8th

Purchase and the February 26th Sale, the facts of which make up the vast majority of Nosirrah's

complaint, occurred in California, outside the New York exchanges.  Pl. Opp. at 3; Def. Mem. at

8; Compl. ¶¶ 9–25, 31.

Nosirrah contends that the rest of the transactions used to calculate El-Batrawi's short-

swing profits occurred on the New York exchanges, and that these transactions form a "strong

connection to New York."  Pl. Opp. at 3.  But, Nosirrah identifies only one matched transaction

for which the purchase and sale occurred on the New York exchanges.  Compl. ¶ 20.  That

matched transaction involves 26,495 of the 5,026,495 shares, or 0.5% of the shares, that Nosirrah

alleges were improperly purchased and sold within six months.  *Id.*[3]  Moreover, Nosirrah

mentions transactions other than the January 8th Purchase and February 26th Sale in only one

paragraph of its complaint.  *Id.*  Nosirrah does not mention these other transactions in its claim

for relief, but specifically mentions the January 8th Purchase and February 26th Sale.  *Id.* ¶ 31.

Nosirrah's complaint clearly centers on the January 8th Purchase and February 26th Sale, which

are not connected to New York.  Accordingly, there is no material connection to this forum, and

Nosirrah's choice of forum is entitled to minimal weight.  The Court concludes that this factor

---

[2] Entity Details for Nosirrah Management, LLC, Delaware Department of State, Division of Corporations, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (Search for "Nosirrah" under "Entity Name"; then select "Nosirrah Management, LLC" hyperlink).
[3] Of the seven matched transactions Nosirrah identifies, one involves both a sale and a purchase that occurred on the New York exchanges.  Compl. ¶ 20.  Five transactions involve sales that occurred on the exchanges and purchases that occurred outside the exchanges.  *Id.*  One transaction involves both a sale and a purchase that occurred outside the exchanges.  *Id.*  Even accounting for the six matched transactions that occurred at least partially on the exchanges, these transactions account for only 344,000 of the 5,026,495 shares, or less than 7% of the shares, that Nosirrah alleges were improperly purchased and sold within six months.  *Id.*

does not weigh against transfer. *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 291; *NBA Props., Inc.*, 2000 WL 323257, at *9; *Strauss*, 2000 WL 1505957, at *2.

Second, the convenience of witnesses weighs in favor of transfer. Defendants identified only one likely witness: El-Batrawi. Def. Mem. at 5–6; *ESPN, Inc.*, 581 F. Supp. 2d at 550. But, given that Nosirrah's claims are based solely on transactions entered into by El-Batrawi and that the primary issues in dispute relate to the January 8th Purchase,[4] the Court concludes that El-Batrawi is a necessary witness. Compl. ¶ 22. And, although the convenience of party witnesses generally carries less weight than that of non-party witnesses, *Transatl. Reins. Co.*, 2003 WL 22743829, at *4, El-Batrawi is the only material witness identified by either party. Nosirrah did not identify a single witness that it would call upon to prove its case, let alone a material witness that resides in or near this district or who would be inconvenienced by a transfer. *ESPN, Inc.*, 581 F. Supp. 2d at 548. Further, it stands to reason that if any other witnesses are required, such witnesses would be called to testify regarding the January 8th Purchase or the February 26th Sale, the parties to which all reside in California, Def. Mem. 5–6; Pl. Opp. at 4. Similarly, EVmo did not identify specific witnesses, but states that its "present and former employees with potentially relevant knowledge are principally located in California." Joinder at 1. Therefore, the convenience of likely witnesses favors transfer.

Third, the location of relevant evidence weighs slightly in favor of transfer. The relevant records in this case are not likely to be voluminous and can be accessed without difficulty. Def.

---

[4] To prevail on a claim under § 16(b), a plaintiff must prove that "there was (1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer . . . (4) within a six-month period." *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998). Defendants do not dispute that El-Batrawi made the January 8th Purchase and February 26th Sale. Answer ¶¶ 9, 16. But, § 16(b) excludes transactions which involve securities "acquired in good faith in connection with a debt previously contracted." 15 U.S.C. § 78p(b). Nosirrah alleges that EVmo determined that the January 8th Purchase was made in good faith, Compl. ¶ 22, and Nosirrah disputes EVmo's assessment, *id.* ¶¶ 23–24. Nosirrah also alleges that the January 8th Purchase was not made at fair market value, which affects the calculation of short-swing profits. *Id.* ¶¶ 10–15, 20.

Mem. at 6; *Winter*, 242 F. Supp. 3d at 217.  Documents that can reasonably be anticipated to be relevant at trial are housed in California, as they are in the custody of EVmo and the parties to the January 8th Purchase and the February 26th Sale.  Def. Mem. at 6.  No relevant documents are housed in New York.  *Id.*; Pl. Opp. at 4.

Fourth, the convenience of the parties weighs in favor of transfer.  It is self-evident that litigating in California is more convenient for Defendants, who are residents of California.  Def. Mem. at 7; *see Intria Corp.*, 2000 WL 1745043, at *4.  Nosirrah does not reside in New York, Compl. ¶ 4; *supra* n.2, and Nosirrah has not explained any inconvenience it would suffer if the case were transferred, Pl. Opp. at 5.  Therefore, the Court infers that Nosirrah would not be inconvenienced by transfer.  *ESPN, Inc.*, 581 F. Supp. 2d at 550.  Transfer would increase convenience to Defendants and EVmo without increasing inconvenience to Nosirrah.  *Liberty Mut. Ins. Co.*, 17 F. Supp. 3d at 399.

Fifth, California is the locus of operative facts.  Nosirrah contends that venue is proper in this district because some of the transactions it identifies in its complaint occurred on the New York exchanges.  Pl. Opp. at 6.  15 U.S.C. § 78aa is purposefully broad and allows for multiple proper venues.  *Peyser v. Meehan Fund, Inc.*, 264 F. Supp. 1, 2–3 (S.D.N.Y. 1966).  It does not necessarily follow that New York is the locus of operative facts simply because venue is proper here.  On the contrary, most of the "facts peculiar to the transactions involved" occurred in California.  *Blau*, 191 F. Supp. at 906; *Strauss*, 2000 WL 1505957, at *1.  The two transactions constituting the bulk of Nosirrah's complaint occurred in California, Pl. Opp. at 3; Def. Mem. at 8; Compl. ¶¶ 9–25, 31, and the parties to those transactions are California residents, Compl. ¶¶ 5–7; Gregory Decl. ¶¶ 3–4.  The matched transactions which occurred at least partially in

New York account for less than 7% of the shares involved in the transactions at issue. *Supra* n.3. Therefore, this factor favors transfer.

The sixth, seventh, and eighth factors are neutral. The parties agree that there is no reason to believe any likely witnesses would be unwilling to testify. Def. Mem. at 8; Pl. Opp. at 7; *Flood*, 94 F. Supp. 3d at 580. The parties agree that the relative means of the parties is an insignificant factor in this case. Def. Mem. at 9; Pl. Opp. at 7; *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 290. And, Nosirrah's claims are based on federal law, so the transferee forum's familiarity with the governing law does not factor into the Court's analysis. *Certain Underwriters at Lloyd's, London*, 2021 WL 5234494, at *3.

Ninth, for the reasons discussed in the Court's assessment of the convenience of likely witnesses and the convenience of the parties, transfer would aid Defendants and EVmo without inconveniencing Nosirrah or impairing its ability to prosecute the case. *Strauss*, 2000 WL 1505957, at *3; *Bionx Implants, Inc.*, 1999 WL 342306, at *3. Additionally, no dispositive motions have been filed, so no efficiency will be lost in transferring this action. *Alpha Indus., Inc.*, 2021 WL 2688722, at *8. This factor, therefore, weighs in favor of transfer.

For these reasons, the Court concludes that Defendants have established the propriety of transfer by a clear and convincing showing. *Bryant*, 2018 WL 898230, at *1. The convenience of witnesses, the location of relevant evidence, the convenience of the parties, the locus of operative facts, and the interests of justice all favor transfer, and no factor weighs against transfer. Accordingly, Defendants' motion to transfer is GRANTED.

**CONCLUSION**

EVmo's motion for joinder is GRANTED and Defendants' motion for transfer is

GRANTED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 28 and 31, and to

transfer this action to the United States District Court for the Central District of California.

SO ORDERED.

Dated: January 4, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge